UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| QI DANG,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>        Defendants. | Case No. 23-cv-02212-LB<br><br>**ORDER GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS**<br><br>Re: ECF No. 13 |

**INTRODUCTION AND STATEMENT**

The plaintiff Qi Dang is a Chinese citizen who applied for asylum in the United States on March 11, 2020. He originally filed the application with the Los Angeles Asylum Office of United States Citizenship and Immigration Services (USCIS), but then moved to the San Francisco Bay Area and reported his change of address to the San Francisco Asylum Office. Because the defendants have not scheduled an interview between the plaintiff and an Asylum Officer, the plaintiff filed this lawsuit for mandamus relief under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, to compel the defendants to act on

his asylum application. The defendants are relevant DHS officials, such as the Director of the San Francisco Asylum Office.[1]

The parties cross-moved for summary judgment. The plaintiff contends that his interview has been unreasonably delayed under the APA.[2] The defendants contend that the court lacks subject-matter jurisdiction, the plaintiff's claim under the Mandamus Act is not viable, and the defendants have not unreasonably delayed for purposes of the APA claim.[3] The defendants submitted declarations explaining the asylum process, the ability of asylum applicants to obtain an employment-authorization document, and the defendants' asylum scheduling and backlog management.[4] *Su v. Mayorkas*, No. 23-CV-00566-KAW, 2023 WL 7209630, at *1–3 (N.D. Cal. Oct. 17, 2023) (summarizing equivalent declarations from the same officials). The Director of the San Francisco Asylum Office declares that the plaintiff was granted an employment-authorization document on September 23, 2020, which the plaintiff renewed in September 2022.[5] Also, the plaintiff has not requested "advance parole" (to travel outside the United States and then return), "has not made any request to place him on [a] short notice list," and "has not requested an expedited adjudication . . . to address urgent humanitarian emergencies."[6]

The court has subject-matter jurisdiction. 28 U.S.C. § 1331. All parties consented to magistrate-judge jurisdiction.[7] *Id.* § 636(c). The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies the plaintiff's motion and grants the

---

[1] Compl. – ECF No. 1.; Acknowledgment of Receipt of Asylum Appl., Ex. A to Goulding Decl. – ECF No. 15-1 at 2; Change of Address, Ex. B to *id.* – ECF No. 15-1 at 4. The plaintiff does not provide further detail about his application. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pl.'s Mot. – ECF No. 14.

[3] Defs.' Mot. – ECF No. 20.

[4] Lafferty Decl. – ECF No. 20-1; Lehman Decl. – ECF No. 20-2; Kurlan Decl. – ECF No. 20-3; Exs. 1–10 to Kurlan Decl. – ECF No. 20-4.

[5] Lehman Decl. – ECF No. 20-2 at 3–4 (¶¶ 18–19).

[6] *Id.* at 3 (¶ 17), 4 (¶¶ 20–21).

[7] Consents – ECF Nos. 6, 9.

ORDER – No. 23-cv-02212-LB         2

United States District Court
Northern District of California

defendants' on the ground that the defendants have not unreasonably delayed in acting on the plaintiff's asylum application.

## STANDARD OF REVIEW

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Devereaux*, 263 F.3d at 1076 (cleaned up). If the non-moving party does not produce

evidence to show a genuine issue of material fact, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

## ANALYSIS

Under the APA, the court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up).

"[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 1135–36 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "Thus, a court may compel agency action under the APA when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in performing such duty." *Id.* at 1135 (cleaned up).

Under the Immigration and Nationality Act, "in the absence of exceptional circumstances, the initial interview or hearing on [an] asylum application shall commence not later than [forty-five] days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). But "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

### 1. Subject-Matter Jurisdiction

The defendants contend that the court lacks subject-matter jurisdiction because 8 U.S.C. § 1158 "expressly disclaims any enforceable timeframe for adjudication" and thus there is "no clear non-discretionary duty for this [c]ourt to compel."[8] This is more of a merits argument that the defendants have no "clear, certain, and mandatory duty" here. *Vaz*, 33 F.4th at 1135. Although "courts in the Ninth Circuit that have addressed § 1158(d)(7) have declined to conclude that a private right of action exists to enforce the timing requirements of [§ 1158(d)(5)(A)]," they have nonetheless concluded that courts have jurisdiction to "review the agency's actions under the APA." *Su*, 2023 WL 7209630, at *4 (cleaned up) (collecting cases). The court adopts that conclusion as persuasive: whether the defendants have a clear duty is a question of "the essential ingredients of a federal claim" under the APA, not "federal-court 'subject-matter' jurisdiction over a controversy." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006).

### 2. APA Claim

In their briefing, the parties dispute whether, under 8 U.S.C. § 1158(d)(7), the defendants have a clear duty (i.e., as a merits issue under the APA or the Mandamus Act, as opposed to a jurisdictional issue).[9] Courts in this district have held that § 1158(d)(7) forecloses relief under the Mandamus Act but not under the APA. *Su*, 2023 WL 7209630, at *4–5 (collecting cases); *Ou v. Johnson*, No. 15-CV-03936-BLF, 2016 WL 7238850, at *2 (N.D. Cal. Feb. 16, 2016) (same). This is because the APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Ou*, 2016 WL 7238850, at *2 (quoting 5 U.S.C. § 555(b)). The court again adopts that conclusion as persuasive.

---

[8] Defs.' Mot. – ECF No. 20 at 19–20.

[9] *See, e.g., id.* at 20–21.

That leaves the issue of whether the defendants have "unreasonably delayed in performing [their] duty." *Vaz*, 33 F.4th at 1135. Courts "look to the so-called *TRAC* factors" to answer this question. *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Those factors are:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 507 n.7 (cleaned up). The first factor is the most important, but it isn't determinative and in this circuit, courts must consider all of the factors. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). Also, "[c]ourts measure the period of delay from the last government action to the issuance of the opinion." *Nusrat v. Blinken*, No. CV 21-2801 (TJK), 2022 WL 4103860, at *6 n.6 (D.D.C. Sept. 8, 2022). Thus here, the delay is measured from March 2020, when the plaintiff filed his asylum application.

Considering the *TRAC* factors, the court grants summary judgment to the defendants because their 3.5-year delay in processing the plaintiff's asylum application has not been unreasonable.

First, in the case of asylum applications, courts have consistently held that the defendants' prioritization system known as "last in first out" supplies a persuasive rule of reason. *Su*, 2023 WL 7209630, at *5–6 (collecting cases). "Under this system, the Asylum Division schedule[s] recently filed cases for interview ahead of older cases."[10] This serves to "reduc[e] the [asylum-application] backlog while deterring frivolous or non-meritorious asylum filings," such as those motivated by a desire to quickly obtain employment authorization.[11] *Id.* at *5. (The policy has been in place during the pendency of the plaintiff's application, given that it has been in place since January

---

[10] Lafferty Decl. – ECF No. 20-1 at 8 (¶ 17).

[11] *Id.* at 9 (¶¶ 21–22), 10 (¶¶ 24–25), 12–16 (¶¶ 32–34) (explaining the history of the government's use of "LIFO" and its demonstrated utility).

2018.[12]) And aside from that rule of reason, "courts in this district have generally found [asylum-application] delays of four years or less not to be unreasonable under the APA." *Ou*, 2016 WL 7238850, at *3 (collecting cases); *Su*, 2023 WL 7209630, at *6 ("even delays of over five years" can be reasonable). This factor thus leans in favor of the defendants.

Second, "[t]he third and fifth *TRAC* factors, which overlap, concern whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay." *Id.* The plaintiff did not submit evidence on these points and to an extent, "the prejudice [he] faces from any delay is inherent in the process of seeking asylum." *Teymouri v. U.S. Citizenship & Immigr. Servs.*, No. CV 22-7689 PA (JCX), 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022). Also, the fact that he is authorized to work mitigates the impact on his health and welfare. *Su*, 2023 WL 7209630, at *6 (collecting cases). These factors favor the defendants in this scenario. *Id*.

Third and finally, the agency has competing priorities in the form of other asylum seekers, and at least where the length of delay has not reached the point of four or five years, courts take account of the effect that moving the plaintiff to the front of the line would have on other applicants. *Id.* (collecting cases); *Ou*, 2016 WL 7238850, at *4 (same).

In sum, because the *TRAC* factors favor the defendants, the court grants them summary judgment and denies the plaintiff summary judgment.

# CONCLUSION

The court denies the plaintiff's motion for summary judgment and grants the defendants' cross-motion for summary judgment and will separately issue a judgment. This resolves ECF Nos. 14 and 20.

**IT IS SO ORDERED.**

Dated: November 17, 2023

LAUREL BEELER
United States Magistrate Judge

---

[12] *Id.* at 15 (¶ 33).